Wiener v Weissman (2018 NY Slip Op 06205)





Wiener v Weissman


2018 NY Slip Op 06205


Decided on September 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2018

Friedman, J.P., Kapnick, Kahn, Oing, JJ.


7111 654831/16

[*1]Edith Wiener, et al., Plaintiffs-Appellants,
v
Richard Weissman, et al., Defendants-Respondents.


Anderson & Ochs, LLP, New York (Mitchel H. Ochs of counsel), for appellants.
Farrell Fritz, P.C., New York (Peter A. Mahler of counsel), for respondents.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered May 25, 2017, which, to the extent appealed from, denied plaintiffs' motion for summary judgment declaring, upon the first and second causes of action, that defendants' attempt to dissolve the partnerships was wrongful and directing defendants to cooperate with the refinancing of the Greystone property, unanimously affirmed, with costs.
The individual plaintiffs and the plaintiff trusts are partners of general partnership plaintiffs 5400 Co., Absar Realty Company, and Absar Gerard Associates, formed in 1982 as single-asset real estate holding companies for the purpose of owning and operating two residential apartment buildings and a shopping center in the Bronx. On October 15, 2015, two of the partners issued a notice purporting to withdraw from and dissolve the partnerships, pursuant to New York Partnership Law § 62(1)(b), "which," the notice said, "provides that a partnership is terminable at will on notice."
In response to the notice of dissolution, plaintiffs brought this action seeking, among other things, a judgment declaring that defendants "wrongfully purported, unilaterally, to effect a non-judicial dissolution of the subject Partnerships."
The motion court determined that no dissolution had been effected. It reasoned that, because the partnership agreements provide that the partnerships shall continue "until terminated by mutual agreement," defendants' notice to dissolve was a "nullity" that was ineffective to dissolve the partnerships. We agree.
"New York's Partnership Law creates default provisions that fill gaps in partnership agreements, but where the agreement clearly states the means by which a partnership will dissolve, or other aspects of partnership dissolution, it is the agreement that governs the change in relations between partners and the future of the business" (Congel v Malfitano, 31 NY3d 272, 279 [2018]). Where, as here, a partnership agreement contains provisions governing the dissolution of the partnership by the will of the partners, ordinary contract principles apply (see e.g. In re Century/ML Cable Venture, 294 BR 9, 25 [Bankr SD NY 2003]), and a notice by a partner or partners to dissolve a partnership in contravention of the partnership agreement's dissolution provisions is a legal nullity and does not effect a dissolution of the partnership. We note that, unlike Congel, the defendants here assert that their notice of dissolution was a legal nullity.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 25, 2018
CLERK